IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**TYREE GOINS**                                                                                                **PLAINTIFF**
**ADC #156468**

V.                              No. 2:20-CV-00195-KGB-ERE

**GREG RECHCIGL,** *et al.*                                                                **DEFENDANTS**

### RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommendation for dismissal has been sent to Judge Kristine G. Baker. The parties may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed with the Court Clerk within 14 days. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. And if the parties choose not to file objections, they may waive any right to appeal questions of fact.

### II.   Background

Plaintiff Tyree Goins, an Arkansas Division of Correction inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Goins alleges that

1

Case 2:20-cv-00195-KGB    Document 38    Filed 09/30/22    Page 2 of 5

Defendants Gregory Rechcigl, Tracy L. Bennett, and Terri Moody failed to provide him adequate medical care to treat a knee injury that he sustained in April of 2020.[1]

On February 28, 2022, the Court granted Defendants' motion for partial summary judgment on the issue of exhaustion and limited Mr. Goins' claims to those raised against Defendants Rechcigl, Bennett, and Moody in grievance EA-20-1053, regarding the post-operative care provided by these Defendants. *Doc. 28*. The Court dismissed Mr. Goins' remaining claims. *Id*.

On August 2, 2022, attorney Eugene Clifford entered his appearance for Mr. Goins. *Doc. 32*.

On September 14, 2022, Defendants filed a motion for summary judgment on the merits. *Doc. 33*.

On September 26, 2022, Mr. Goins, through counsel, filed a motion to voluntarily dismiss his claims pursuant to Federal Rule of Civil Procedure 41(a). In the alternative, Mr. Goins requests additional time to respond to Defendants' motion for summary judgment. *Doc. 36*. Defendants have responded to Mr. Goins' motion. *Doc. 37*. The motion is ripe for review.

---

[1] The Court dismissed Mr. Goins' claims against WellPath LLC based on his failure to state a plausible claim for relief. *Doc. 15*.

2

For the reasons explained below, the undersigned recommends that Mr. Goins' motion for voluntary dismissal be granted, and his remaining claims be dismissed, without prejudice.

## III. Discussion

Defendants oppose a voluntary dismissal, contending that Mr. Goins is seeking to avoid an adverse judgment. As Defendants correctly acknowledge, "[m]otions to dismiss without prejudice are addressed to the sound discretion of the district courts." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984).

The Court has considered all of the factors referenced by Defendants, which are properly considered in deciding Mr. Goins' motion to voluntarily dismiss his claims. See *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1995). The Court is sensitive to Defendants' position that they have expended time and resources in defending this action.

However, another factor, which Defendants fail to mention, weighs heavily in Mr. Goins' favor. From October 7, 2020 until August 2, 2022, Mr. Goins prosecuted this lawsuit *pro se*, that is without the assistance of counsel. Granting Mr. Goins' motion to voluntarily dismiss his claims now will allow him the benefit of legal advice on how best to proceed.

Defendants make much of the fact that Mr. Goins claims were narrowed by the Court's earlier summary judgment ruling. However, as Defendants' counsel well

knows, the effect of that ruling was to dismiss Mr. Goins' claims *without prejudice*. Additionally, the discovery deadline in this case had passed before Mr. Goins was able to secure counsel.[2]

After considering the totality of the circumstances, the undersigned recommends granting Mr. Goins' motion and dismissing his remaining claims, without prejudice. If Mr. Goins re-files this lawsuit, Defendants may petition the court for the reasonable duplicative fees and costs incurred in defending this case.[3]

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Goins' motion to voluntarily dismiss his claims (*Doc. 36*) be GRANTED.

2. Mr. Goins' remaining claims be DISMISSED, without prejudice.

3. Defendants' motion for summary judgment (*Doc. 33*) be DENIED, as moot.

4. The Clerk be instructed to close this case.

---

[2] This circumstance might justify delaying consideration of the motion for summary judgment, if the case is not dismissed. See Fed. R. Civ. P. 56(d).

[3] Defendants' response also requests, in the event of a voluntary dismissal, that they be allowed to file, under seal, an itemized billing statement so the Court can include in its Order of Dismissal the total amount of costs to be assessed to Plaintiff on refiling. *Doc. 37 at 5, n.2*. This is unnecessary and premature. Assuming the case is refiled, the judge to whom the case is reassigned on refiling can determine whether to assess costs, and if so, in what amount. See Fed. R. Civ. P. 41(d).

Dated this 30th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE